IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CURTIS GLINSEY                                                          PETITIONER

V.                                                                NO. 2:98CR010-GHD

UNITED STATES OF AMERICA                                                RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* motion of Curtis Glinsey to stop the offsetting of social security benefits.

In 1998, Glinsey pled guilty and was convicted of conspiracy involving the illegal acquisition and redemption of food stamps. He was sentenced to 51 months imprisonment and was ordered to pay $1,266,317.06 in restitution. On appeal, the sentence was affirmed. The restitution amount, however, was reduced to $1,000,000.00. A subsequent motion to vacate was denied as well as a motion for reconsideration and a motion for relief from judgment. Glinsey again appealed and the denial of his motion to vacate was affirmed. As of April 15, 2005, Glinsey is no longer under the supervision of the United States Probation Office.

Glinsey recently filed a motion to, in his words, stop the illegal offsetting of social security benefits. In support thereof, he argues:

(1) the statute of limitations has expired according to 28 U.S.C. § 2415(b), § 2416 and 31 U.S.C. § 3716(e)(2).

(2) the restitution order violated clearly established law and is therefore unenforceable.

(3) the restitution order is not enforceable because there was never an agreement to make payments.

(4) the due process clause and 31 U.S.C. § 3716(a) have not been satisfied because there was no hearing held to determine ability to pay.

The Government has responded in opposition to the motion.

### 1. Statute of Limitations

Glinsey cites to three statutes in support of his limitations argument. As to the first of the two statutes, his argument is misplaced. Sections 2415 and 2416 provide the limitations for the government to bring suit for monetary damages based upon expressed or implied contracts. The Sections do not apply to criminal judgments for restitution.

Glinsey next relies upon 31 U.S.C. § 3716. Contrary to Glinsey's argument, social security payments are subject to offset under 31 U.S.C. § 3701 *et seq*. The offsets are not unlimited. *See* 31 C.F.R. 285.4(e). There is, however, no statute that prohibits the United States from collecting a debt once the restitution has been imposed. Section 3716(c)(3) explicitly allows social security benefits to be used to offset a debt. Again, his argument fails.

Furthermore, it is well established that a restitution order may be enforced in accordance with the practices and procedures of a civil judgment under state or federal law. *See* 18 U.S.C. § 3613(a) & (f). Section 3613 provides that liability for such a debt will not terminate prior to the later of twenty years from the entry of judgment or twenty years from release from imprisonment of the person fined. 18 U.S.C. § 3613(b).

Glinsey was released from custody on April 29, 2002. According to Section 3613, his liability for restitution will not expire until 2022. For each of these reasons, Glinsey's statute of limitations argument has no merit.

### 2. Validity of the Restitution

Next, Glinsey argues that the restitution order is unenforceable. As the Government aptly notes, Glinsey has had ample opportunity, and taken advantage of such opportunity, to challenge the validity of the restitution imposed. He perfected a direct appeal and was successful in getting the amount of restitution reduced. He then challenged the monetary penalty in a motion to vacate the judgment. Following the denial of his arguments, he again appealed and was denied at each step.

The validity of the restitution order has been exhaustively challenged. Glinsey's repetitive litigation regarding restitution should not be permitted. *See United States v. Tohono O'Odham*

*Nation*, 131 S. Ct. 1723, 1730, 179 L. Ed. 2d 723 (2011) (res judicata precludes further litigation once a claim has been adjudicated on the merits).

### 3. An agreement

In his third argument, Glinsey claims that there was never any agreement to make payments. Indeed, the judgment entered in this case required payment in full immediately. The failure to order installment payments, however, does not relieve Glinsey of his obligation.

As early as November 2005 and numerous times thereafter, the Government made attempts to contact Glinsey regarding the outstanding debt. Each time the written correspondence provided Glinsey with an option to create a payment plan if he could not pay the balance in full. Each letter also warned Glinsey that failure to respond would be met with further attempts to collect the debt. Later, Glinsey was warned that his social security benefit payment was subject to offset the restitution amount. This warning also provided Glinsey with an opportunity to contact the appropriate agency in order to avoid offset.

Despite having had ample warning of the intent of the Government to collect the debt and several opportunities to initiate a payment plan thus avoiding offset, Glinsey never responded or lodged any objections. The Government's efforts to collect the debt appear to be consistent with statutory requirements. Glinsey's challenge to the reduction of his social security benefits at this late date falls on deaf ears.

### 4. Financial Ability Hearing

Finally, Glinsey argues that the offset violates his right to due process because there was no hearing regarding his ability to pay. There is, however, no right to a financial eligibility hearing. Due process has been satisfied so long as the debtor received:

(1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor;

(2) an opportunity to inspect and copy the records of the agency related to the claim;

(3) an opportunity for a review within the agency of the decision of the agency related to the claim; and

(4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

31 U.S.C. § 3716(a). Each of these requirements was met by the Government's previous attempts to collect from Glinsey. That is all that due process requires. There is simply no support for Glinsey's argument and no basis to stay collection of the debt.

The restitution ordered in this matter has been exhaustively litigated. At each step, Glinsey's efforts were thwarted. This attempt to challenge the restitution and stop offset payments fairs no better. Glinsey's motion will be denied in all respects.

A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 20th day of July, 2011.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

4